**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Denise Leona Palmer,<br><br>   Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-21-00190-PHX-DLR<br><br>**ORDER** |

  Plaintiff Denise Palmer challenges the denial of her application for disability insurance benefits under the Social Security Act ("the Act") by Defendant the Commissioner of the Social Security Administration ("Commissioner"). Plaintiff filed a complaint with this Court seeking judicial review of that denial. (Doc. 1.) Having reviewed Plaintiff's opening brief (Doc. 18), the Commissioner's response (Doc. 21), Plaintiff's reply (Doc. 24), and the Administrative Record ("AR."), the Court affirms the Commissioner's decision.

**I. Procedural History**

  Plaintiff completed an application for disability insurance benefits and supplemental security income in April 2018, alleging disability beginning December 5, 2017. (AR. at 251.) State agency reviewers denied Plaintiff's claim at the initial and reconsideration levels of administrative review. (AR. at 90-47.) Plaintiff timely requested an administrative hearing (AR. at 164-65) where she testified under examination by her attorney and the Administrative Law Judge ("ALJ"). (AR. at 44-89.) Vocational Expert

Amy Salva also testified at the hearing. (AR. at 81-89.) The ALJ issued a written decision denying Plaintiff's claim on May 28, 2020. (AR. at 26-38.) The Social Security Appeals Council denied Plaintiff's request to review the ALJ's decision in a letter dated December 22, 2020. (AR. at 6-8.) Plaintiff sought judicial review on February 3, 2021. (Doc. 1.)

## II. Sequential Evaluation Process

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is engaging in substantial, gainful work activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the analysis proceeds to step four, where the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can perform her past relevant work, she is not disabled. *Id.* If she cannot, the analysis proceeds to the fifth and final step, where the ALJ determines if the claimant can perform any other work in the national economy based on her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant cannot, she is disabled. *Id.*

## III. The ALJ's Decision

The ALJ found Plaintiff had not engaged in substantial gainful activity since her disability onset date and that she suffered severe impairments of degenerative disc disease, degenerative joint disease (right foot), plantar fasciitis (left foot), and obesity. (AR. at 31.) The ALJ also found Plaintiff suffered from non-severe impairments of diverticulosis, essential hypertension, and sleep apnea, but determined Plaintiff's alleged depression was

not a medically determinable impairment. (AR. at 32.) The ALJ concluded Plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. (AR. at 32.) The ALJ found Plaintiff capable of performing sedentary work subject to additional exertional, postural, and environmental limitations. (AR. at 33, 36.) In formulating this RFC, the ALJ deemed unpersuasive the opinions of the state agency medical consultants, Drs. K. Mallik and Laurence Ligon, consultant medical examiner, Dr. Koss-Leland, and the medical opinion of Plaintiff's treating physician, Dr. Peter Young. (AR. at 35-36.) The ALJ also found Plaintiff's testimony about the severity of her symptoms was inconsistent with the objective medical record. (AR. at 36.) Ultimately, the ALJ found Plaintiff was not disabled because she remained capable of performing her past relevant work as a loan clerk, customer service representative, telephone solicitor, and document scanner. (AR. at 36.)

### IV.     Discussion

This Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

Plaintiff presents two issues for review: (1) whether the ALJ's rejection of the assessments from Plaintiff's treating primary care physician, Dr. Young, and state agency examining doctor, Dr. Koss-Leland, is supported by substantial evidence; and (2) whether the ALJ provided clear and convincing reasons supported by substantial evidence for

discounting Plaintiff's symptom testimony. (Doc. 18 at 1-2.) The Court addresses each in turn.

### A. The ALJ's rejection of the assessments from Drs. Koss-Leland and Young is supported by substantial evidence.

Under updated agency regulations regarding the consideration of medical opinion evidence, an ALJ should not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)."[1] 20 C.F.R. § 404.1520c(a). The ALJ instead must evaluate the opinion's overall persuasiveness and articulate her conclusion using two key factors: "supportability" and "consistency." *Id.*[2] "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

#### 1. Dr. Koss-Leland

In June 2018, Dr. Koss-Leland examined Plaintiff upon referral from Disability Determination Services. (AR. at 653-59.) Dr. Koss-Leland noted Plaintiff walked with her back slightly hunched over, moved very gingerly, and had a hard time finding a comfortable position sitting on the exam table due to discomfort. (AR. at 654.) During the exam, Plaintiff was unable to perform tandem, heel/toe walking or hopping because she needed a walker. (AR. at 655.) Plaintiff's spine examination showed a limited range of motion accompanied by pain. (AR. at 655-56.) Plaintiff exhibited good range of motion in her knees and ankles, normal deep tendon reflexes, and normal strength bilaterally as well as normal grip strength. (AR. at 656.) Plaintiff exhibited some limitations in the flexion and extension of her left shoulder, knee, and hip, and pain with palpitation of the paraspinal muscles and the lower neck muscles. (AR. at 656.) Dr. Koss-Leland opined

---

[1] The new regulations apply to claims filed on or after March 27, 2017, which is the case here.
[2] Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence." 20 C.F.R. § 404.1520c(c)(1). Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Id.* at (c)(2).

- 4 -

Plaintiff could lift and/or carry less than ten pounds frequently and less than ten pounds occasionally based on her use of a walker; could stand or walk for one hour and sit for six to eight hours of an 8-hour workday; reach, handle, finger, and feel with her right arm and hand without limits; occasionally climb ramps, stoop, crouch, and reach, handle, finger, and feel with her left hand; and never climb ladders, ropes, or scaffolds, balance, kneel, or crawl. (AR. at 657-59.)

The ALJ deemed Dr. Koss-Leland's opinion unpersuasive. (AR. at 36.) The ALJ noted that the restrictive limitations appeared to be based in part on Plaintiff's subjective complaints and reports. (AR. at 36.) Further, the ALJ determined that Dr. Koss-Leland's opinion was not consistent with or supported by the medical record as a whole, especially contemporaneous, mostly normal physical examination findings. (AR. at 34.) For example, the ALJ pointed to emergency room records and examiner notes in or around May 2018 or June 2018, which showed Plaintiff displayed normal range of motion, normal strength, no back pain, and left the emergency room ambulatory. (AR. at 581, 582, 590, 678.) The ALJ also pointed to Dr. Koss-Leland's notes that Plaintiff exhibited normal strength in the bilateral and upper extremities, normal reflexes, and normal range of motion in her knees and ankles. (AR. at 35.)

The ALJ provided legally sufficient reasons supported by substantial evidence for rejecting Dr. Koss-Leland's opinions. Inconsistency with the medical record is a legally sufficient reason to reject a medical opinion. *Hahn v. Berryhill*, 722 Fed. App'x 602, 605 (9th Cir. 2017). And substantial evidence supports the ALJ's inconsistency finding. For example, a physical exam from January 2018 indicated that Plaintiff walked without an assistive device and exhibited no pain behaviors. (AR. at 407.) Plaintiff also exhibited normal appearance and constitution, as well as normal gait and station, in physical exams from May 2018 to September 2018. (AR. 663, 667, 674.) This evidence, and the evidence the ALJ points to in her decision, contradict the severe physical limitations Dr. Koss-Leland noted in her opinion.

#### 2. Dr. Young

On December 5, 2019, Plaintiff's treating physician, Dr. Young, completed a Medical Source Statement. (AR. at 700-06.) In the statement, he opined Plaintiff could not stand, walk, or sit for more than two hours of an eight-hour workday and could never twist, stoop, crouch, squat, climb ladders, or climb stairs. (AR. at 703.) He indicated Plaintiff could never use her right hand to grasp, turn, or twist objects, could rarely undergo fine manipulations with her right hand, but was able to reach (including overhead) for 50% of the time during an eight-hour workday. (AR. at 703.) Plaintiff's left arm and hand could be used without limits to grasp, turn, and twist objects, for fine manipulations, and for reaching (including overhead).[3] (AR. at 703.) Dr. Young also noted that Plaintiff must use a cane or assistive device while engaging in occasional standing or walking, can rarely lift less than ten pounds, and would have pain or other symptoms severe enough to constantly interfere with attention and concentration needed to perform simple work tasks. (AR. at 704.) Finally, Dr. Young marked that Plaintiff was incapable of even "low stress" jobs and was likely to be absent from work as a result of her impairments or treatment for more than four days per month. (AR. at 704.)

The ALJ found Dr. Young's opinions unpersuasive because they were generally inconsistent with and not supported by the medical record as a whole, "including Dr. Young's own mostly normal physical examination findings." (AR. at 36.) The ALJ included examples of Plaintiff's treatment notes from prior physical examinations dated April 18, 2018 and May 8, 2019, which noted Plaintiff could bear her own weight as tolerated, had normal range of motion in her back despite low back pain, and otherwise exhibited normal range of motion, normal strength, and no tenderness. (AR. at 818, 856.) The ALJ again pointed to Plaintiff's emergency room treatment on May 7, 2018, where

---

[3] Curiously, while Dr. Koss-Leland found Plaintiff could use her *right* hand and arm without limits but could only occasionally reach, handle, finger, and feel with her left hand (AR. at 658-59), Dr. Young found Plaintiff could use her *left* hand and arm without limits, but could never grasp, turn or twist objects with her right hand, and could only occasionally engage in fine manipulations and reaching with her right hand (AR. at 703).

she had pain in her head, neck left shoulder, right ankle after a fall, but exhibited normal range of motion, normal strength, and no back pain. (AR. at 581, 878.)

Plaintiff points out many of the cited records indicate she presented with pain; one showed Plaintiff had reduced range of motion in her knee, and another noted some degenerative change on her cervical spine MRI. (Doc. 18 at 12.) But, as noted above, many records also show Plaintiff concurrently displayed normal range of motion, normal strength, and the ability to bear her weight. When the evidence reasonably can support the ALJ's conclusion, the Court may not substitute its judgment for the ALJ's. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The ALJ's inconsistency determination was supported by substantial evidence. Consequently, the ALJ did not err in rejecting the medical opinions of Drs. Koss-Leland and Young.

**B.     The ALJ provided clear and convincing reasons supported by substantial evidence for discounting Plaintiff's symptom testimony.**

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quotation omitted). If the claimant presents such evidence, then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15.

The ALJ determined Plaintiff had medically determinable impairments which "could reasonably be expected to cause the alleged symptoms," but that "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (AR. at 34.) The ALJ noted that the record indicated Plaintiff had a history of problems associated with diagnosed degenerative disc disease, degenerative joint disease, and plantar fasciitis (AR. at 34), but also pointed to several records to show why the objective medical

evidence was inconsistent with Plaintiff's allegations of debilitating physical impairments (AR. at 35). For example, the ALJ referenced a physical exam on January 2, 2019, which noted Plaintiff exhibited normal motor strength in the upper and lower extremities and a normal gait. (AR. at 793.) The ALJ also pointed to the lack of a prescription for an assistive device for ambulation in the record. (AR. at 35.) The ALJ noted a CT of the cervical spine from May 2018 revealed some degenerative changes, but no acute abnormalities as well as normal alignment. (AR. at 34.) Additionally, the ALJ found an August 2018 follow-up MRI of the lumbar spine to be "mostly unremarkable" other than mild desiccated disc at L3-L4, L4-L5, and L5-S1, including "only mild broad posterior circumferential disc bulge with mild facet arthrosis with minimal bilateral neural foraminal narrowing." (AR. at 34.)

The ALJ met the "clear and convincing reasons" standard for discounting Plaintiff's symptom testimony because the ALJ pointed to substantial evidence in the medical record that was inconsistent with Plaintiff's statements concerning her debilitating physical impairments. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). In addition to this evidence, there are other records dated 2017 through 2019 that indicate Plaintiff exhibited normal strength and range of motion in her extremities, normal range of motion in her back despite back pain, and normal ambulation. (AR. at 419, 626, 709, 712.) The ALJ did not err.

**IT IS ORDERED** that the Commissioner's decision is **AFFIRMED**. The Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 28th day of July, 2022.

Douglas L. Rayes
United States District Judge